IN THE _Circuit_ COURT OF THE _1st_ JUDICIAL DISTRICT
OF HINDS, COUNTY, MISSISSIPPI

_Carol Lubin_

PLAINTIFF

VS.

_Delta Air Lines Et Al_

NO. _14-467_

DEFENDANT

I, BARBARA DUNN, CIRCUIT CLERK, OF THE CIRCUIT COURT
IN AND FOR THE SAID STATE AND COUNTY DO HEREBY CERTIFY THAT
THE ATTACHED ARE TRUE AND CORRECT COPIES OF ALL THE PAPERS
FILED IN THIS OFFICE IN THE ABOVE STYLED AND NUMBERED CAUSE,
AS OF THIS DATE THE SAME IS OF RECORD IN THIS OFFICE IN DOCKET
BOOK NO. _14_ PAGE NO. _467_ TO WIT:

GIVEN UNDER MY HAND AND SEAL OF OFFICE THIS THE _19_
DAY OF _August, 2014_.

BARBARA DUNN, CIRCUIT CLERK
HINDS COUNTY, MISSISSIPPI

BY _____ D.C.

CCKCTF1

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
OF HINDS COUNTY, MISSISSIPPI

CAROL LUBIN                                                    PLAINTIFF

V.                                              CIVIL ACTION NO. _14-467_

DELTA AIRLINES, INC.; COMAIR;
PINNACLE AIRLINES;
DEFENDANTS A - F;
DEFENDANTS G - M; and
DEFENDANTS N - T                                              DEFENDANTS

## COMPLAINT

### (Plaintiff Demands Trial by Jury)

Plaintiff, Carol Lubin, files this her Complaint against the Defendants, Delta Airlines,

Inc.; Comair; Pinnacle Airlines; Defendants A - F; Defendants G - M; and Defendants N - T, and

in support thereof, would show unto the Court the following:

### PARTIES

1.      Plaintiff, Carol Lubin, is an adult resident citizen of Lee County, Mississippi,

whose address is 201 Melford Street, Apt. 1, Tupelo, MS 38801.

2.      Defendant, Delta Airlines Inc., is a corporation organized and existing under and

by virtue of the laws of a state other than the state of Mississippi, and who has its principal place

of business located at the 1030 Delta Blvd., Dept 982, Atlanta, GA 30354. Defendant, Delta

Airlines Inc., (hereinafter referred to as "Delta"), has registered to do business in the state of

Mississippi; is doing business in the State of Mississippi; and has its principal place of business

in the First Judicial District of Hinds County, Mississippi, by virtue of the fact that it has

designated, as its agent for service of process, Corporation Service Company, which is located at

506 South President Street, Jackson, MS 39201. Delta may be served with process of this Court

by serving its registered agent for service of process, Corporation Service Company at its address

of 506 South President Street, First Judicial District of Hinds County, Jackson, MS 39201.

Defendant's, Delta, principal place of business is located in the county where it has the most

activity including most importantly that it has designated its agent for service of process who is

named and served in the First Judicial District of Hinds County, Mississippi. The Defendant,

Delta, has asserted and acquiesced that it has its principal place of business in Mississippi in the

First Judicial District of Hinds County, Mississippi.

     3.     Defendant, Comair, is a wholly-owned subsidiary of Delta Airlines Inc., organized

and existing under and by virtue of the laws of a state other than the state of Mississippi.

Defendant, Comair, (hereinafter "Comair"), has registered to do business in the state of

Mississippi; is doing business in the State of Mississippi; and has its principal place of business

in the First Judicial District of Hinds County, Mississippi, by virtue of the fact that it has

designated, as its agent for service of process, Corporation Service Company, which is located at

506 South President Street, Jackson, MS 39201. Comair may be served with process of this

Court by serving its registered agent for service of process, Corporation Service Company at its

address of 506 South President Street, First Judicial District of Hinds County, Jackson, MS

39201. Defendant's, Comair, principal place of business is located in the county where it has the

most activity including most importantly that it has designated its agent for service of process

who is named and served in the First Judicial District of Hinds County, Mississippi. The

Defendant, Comair, has asserted and acquiesced that it has its principal place of business in

Mississippi in the First Judicial District of Hinds County, Mississippi.

2

4.     Defendant, Pinnacle Airlines, is a corporation organized and existing under and by virtue of the laws of a state other than the state of Mississippi, and who has its principal place of business located at the 7500 Airline Drive, Minneapolis, MN 55450. Defendant, Pinnacle Airlines, (hereinafter "Pinnacle"), has registered to do business in the state of Mississippi; is doing business in the State of Mississippi; and has its principal place of business in the First Judicial District of Hinds County, Mississippi, by virtue of the fact that it has designated, as its agent for service of process, Corporation Service Company, which is located at 506 South President Street, Jackson, MS 39201. Pinnacle may be served with process of this Court by serving its registered agent for service of process, Corporation Service Company at its address of 506 South President Street, First Judicial District of Hinds County, Jackson, MS 39201. Defendant's, Pinnacle, principal place of business is located in the county where it has the most activity including most importantly that it has designated its agent for service of process who is named and served in the First Judicial District of Hinds County, Mississippi. The Defendant, Pinnacle, has asserted and acquiesced that it has its principal place of business in Mississippi in the First Judicial District of Hinds County, Mississippi.

5.     Defendants A through F are the manufacturers, designers, sellers and those responsible for maintenance, service, repair and operation of the Jetway moveable stairs. Defendants A through F are unknown at this time and their liability to the Plaintiff is unknown at this time. The Plaintiff will amend her Complaint and include the real names and addresses of Defendants A through F once their identities are learned and once their liabilities are ascertained.

6.     Defendants G through M are corporations, entities or persons whose real names and addresses are unknown at this time and whose liability to the Plaintiff is unknown at this time.

3

The Plaintiff will amend her Complaint and include the real names and addresses of the Defendants G through M once their identities are learned and once their liabilities are ascertained.

7.     Defendants N through T are the captain of the aircraft; co-pilot; crew members; flight attendants; and employees responsible for the proper deplaning, operation of the Jetway moveable stairs and maintenance and repairs of the Jetway stairs which failed and caused Carol Lubin significant injuries and damages. Some of Defendants N through T are adult resident citizens of the First Judicial District of Hinds County, Mississippi. The names of Defendants N through T are not known at this time and the Plaintiff intends to amend her Complaint and add and serve Defendants N through T once their identities are learned and their liabilities are ascertained.

COUNT I

8.     Plaintiff adopts by reference and realleges each and every allegation of all paragraphs of this Complaint the same as though specifically set out herein again.

9.     On or about July 20, 2012, Delta, Pinnacle and Comair were commercial airlines engaged in the business of transporting passengers for hire. In connection with their businesses of transporting passengers for hire, Delta, Pinnacle and Comair owned, operated, maintained, and equipped a Jetway movable stairs, which are and were used in connection with Delta Pinnacle and Comair commercial flights to board and deplane passengers.

10.     On or about July 20, 2012, Carol Lubin was a passenger on Delta Flight DL3222 and the flight was uneventful from Memphis, Tennessee to Boston, Massachusetts. After the plane landed, the airplane parked at the gate in Boston and Delta, Comair and Pinnacle began

4

deplaning the passengers. Carol Lubin was carefully walking down the stairs, holding the rails as she walked down, when suddenly, without warning, the bottom step of the Jetway moveable stairs began to vibrate and Carol Lubin fell to the ground. Carol Lubin's fall caused her substantial injuries and damages, including but not limited to breaking her leg.

11.    On the occasion in question and at all relevant times, the employees, agents, captain, co-pilot, and persons responsible for the use, deployment, maintenance, and repair of the Jetway moveable stairs were in the course and scope of their employment with Delta, Pinnacle and/or Comair and were acting in furtherance of the business interests of Delta, Pinnacle and/or Comair. The Defendants, Delta, Pinnacle, Comair and Defendant N-T, are liable and responsible for the willful negligent acts of their employees pursuant to the theories Master/Servant, Principal/Agent, Employer/Employee, and respondeat superior. Defendants were acting in the furtherance of each others' business or interests and as such are responsible and liable for each others' actions, conduct and/or omissions. Plaintiff would further show unto the Court that the Defendants, (by and through their actions, conduct, and/or omissions, in joint concert and course of dealings with each other) caused the unreasonably dangerous condition to exist and caused the damages of the Plaintiff.

12.    At all relevant times, Defendants, Delta, Pinnacle and Comair, were commercial airlines owing their passengers, including Carol Lubin, the highest degree of care by maintaining the aircraft, the Jetway movable stairs, and all boarding and deplaning equipment in serviceable and safe condition. Delta, Pinnacle and Comair are all required to properly train their employees to ensure that passengers are safely boarded and deplaned from their airplanes, and are required to provide their passengers with deplaning equipment that is safe, not defective, not unreasonably

5

dangerous and not in a state of disrepair. Delta, Pinnacle and Comair (through their agents, employees, servants and representatives) were negligent in the operation of the aircraft and the Jetway moveable stairs; in their failure to properly maintain, service and repair the Jetway moveable stairs in question; in their failure to maintain the Jetway moveable stairs in a good state of repair; in their failure to maintain the Jetway moveable stairs in a safe condition; in allowing the Jetway moveable stairs to be utilized in a defective and unreasonably dangerous condition; in their failure to ensure that their passengers could safely exit the aircraft; in their failure to properly instruct passengers to safely exit the aircraft; in their failure to properly deplane passengers; in their failure to warn of the defective and unsafe condition of the Jetway moveable stairs; and in operating the aircraft, the Jetway moveable stairs and related equipment in a negligent manner.

13.     On all relevant occasions on July 20, 2012, Defendants N through T, (the captain of the aircraft, co-pilot, crew members, flight attendants, employees, maintenance workers and those involved in the repair, service, maintenance and operation of the Jetway moveable stairs), were in the course and scope of their employment with Delta, Pinnacle and/or Comair and the individuals or entities were involved with or responsible for assisting the passengers in deplaning the aircraft, pursuant to the laws of employer/employee, master/servant and respondeat superior, and as such Delta, Pinnacle and/or Comair were responsible for all the acts and omissions committed by its agents.

14.     On the occasion in question, the Defendants, Delta, Pinnacle, Comair, and Defendants N through T were the owners, operators, individuals or/or entities responsible for the repair, service and maintenance of the aircraft and the Jetway moveable stairs; responsible for

6

maintenance of the aircraft and the Jetway moveable stairs; and responsible for the safety of the

passengers while deplaning the aircraft. Defendants, (Delta, Pinnacle, Comair and/or Defendants

N through T) were negligent by carelessly and recklessly owning, operating, maintaining,

servicing, and repairing the aircraft and the aircraft Jetway moveable stairs on the occasion in

question and Defendants' negligence was a contributing proximate cause of the accident and

Plaintiff's injuries.

15.     The Plaintiff, Carol Lubin, has incurred substantial injuries and damages as a

proximate result of the negligence of the Defendants, Delta, Pinnacle, Comair, and/or Defendants

N through T, and as a result thereof, Plaintiff, Carol Lubin, is entitled to her actual damages in

the sum of Nine Hundred Seventy Five Thousand Dollars ($975,000.00); punitive damages in an

amount to adequately and sufficiently deter the Defendants from such oppressive conduct in the

future; post-judgment interest; prejudgment interest; and all costs.

WHEREFORE PREMISES CONSIDERED, Plaintiff, demands judgment of and from the

Defendants, Delta, Pinnacle, Comair and Defendants N through T, jointly and severally, for her

actual damages in the sum of Nine Hundred Seventy Five Thousand Dollars ($975,000.00);

punitive damages in an amount to adequately and sufficiently deter the Defendants from such

oppressive conduct in the future; post-judgment interest; prejudgment interest; and all costs.

COUNT II

16.     Plaintiff adopts by reference and reallege each and every allegation of all

paragraphs of the Complaint the same as though they were specifically set out herein again.

17.     Defendants, Delta, Pinnacle and Comair, expressly and impliedly warranted that

Delta Flight DL 3222, the aircraft and the Jetway moveable stairs in question (used for deplaning

7

the Plaintiff) were fit for the uses and purposes for which they were intended and used on the

occasion in question. The Defendants, Delta, Pinnacle and/or Comair, breached expressed and

implied warranties and, as a proximate result thereof, the Plaintiff, Carol Lubin, has suffered

actual damages in the amount of Nine Hundred Seventy Five Thousand Dollars ($975,000.00).

WHEREFORE PREMISES CONSIDERED, Plaintiff, demands judgment of and from the

Defendants, jointly and severally, for her actual damages in the sum of Nine Hundred Seventy

Five Thousand Dollars ($975,000.00); punitive damages in an amount to adequately and

sufficiently deter the Defendants from such oppressive conduct in the future; post-judgment

interest; prejudgment interest; and all costs.

COUNT III

18.     Plaintiff adopts by reference and reallege each and every allegation of all

paragraphs of the Complaint the same as though they were specifically set out herein again.

19.     Defendants, Delta, Comair and Pinnacle, were in the business of owning,

operating, and piloting the aircraft in question; and operating, maintaining, servicing and

repairing the Jetway moveable stairs in question and as such were responsible to see that all

*operations and equipment (including* but not limited to the Jetway moveable stairs) were safe; not

defective; and not unreasonably dangerous on July 20, 2012.  On the occasion in question, Delta

Flight DL 3222 and the Jetway moveable stairs were not reasonably safe for their intended

purposes and uses, and were unreasonably dangerous.  Further, Delta Flight DL 3222 and the

Jetway moveable stairs were unsafe without warning to the users and consumers onboard the

aircraft and deplaning the aircraft on that date, including the Plaintiff, Carol Lubin.

8

20.     Plaintiff, Carol Lubin, was unaware of the unreasonably dangerous conditions of

Delta Flight DL 3222 and the Jetway moveable stairs and, as a result thereof, Defendants, Delta,

Pinnacle and/or Comair, are strictly liable in tort to the Plaintiff, Carol Lubin, for actual damages

in the amount of Nine Hundred Seventy Five Thousand Dollars ($975,000.00), punitive damages

in an amount to sufficiently punish the Defendants and deter them from such oppressive and

reckless conduct in the future.

21.     On or about July 18, 2005, Carol Lubin boarded Delta Flight DL 3222 in

Memphis, Tennessee which was bound for Boston, Massachusetts. Carol Lubin was a fare

paying passenger on board Delta Flight DL 3222 and, as such, Delta, Pinnacle and Comair owed

her the highest degree of care.

WHEREFORE PREMISES CONSIDERED, Plaintiff, demands judgment of and from the

Defendants, Delta, Pinnacle and Comair, jointly and severally, for her actual damages in the

amount of Nine Hundred Seventy Five Thousand Dollars ($975,000.00); punitive damages in an

amount to adequately and sufficiently deter the Defendants from such oppressive conduct in the

future; post-judgment interest; prejudgment interest; and all costs.

## COUNT IV

22.     Plaintiff adopts by reference and reallege each and every allegation of all

paragraphs of the Complaint the same as though they were specifically set out herein again.

23.     Defendants and Carol Lubin entered into contracts with the Defendants, Delta

Airlines, Comair and Pinnacle, wherein the Defendants agreed and contracted to provide safe

transportation to Carol Lubin from Memphis, Tennessee to Boston, Massachusetts and provide

9

safe boarding and deplaning of the passengers. The contracts were breached by the Defendants and Carol Lubin suffered damages because of the breaches.

24.     Defendants, (Delta, Pinnacle and Comair), contracted with the Plaintiff, Carol Lubin, to provide her with safe uneventful travel including but not limited to a safe boarding and safe exiting the plane, on her flight from Memphis, Tennessee to Boston, Massachusetts.  On the occasion in question, Defendants breached their contracts and/or agreements with the Plaintiff, Carol Lubin, and failed to perform their duties in a workmanlike manner.

25.     Plaintiff, Carol Lubin, performed all of the terms of the contract to be performed by her including but not limited to paying Delta, Pinnacle and Comair the sums that they requested for her ticket.

26.     As a direct and proximate result of the breaches of contracts by Defendants, (Delta, Pinnacle and Comair), Plaintiff has incurred actual damages in the amount of Nine Hundred Seventy Five Thousand Dollars ($975,000.00); punitive damages in an amount to adequately and sufficiently deter the Defendants from such oppressive conduct in the future; post-judgment interest; prejudgment interest; and all costs.

WHEREFORE PREMISES CONSIDERED, Plaintiff, demands judgment of and from the Defendants, Delta, Pinnacle and Comair, jointly and severally, for her actual damages in the amount of Nine Hundred Seventy Five Thousand Dollars ($975,000.00); punitive damages in an amount to adequately and sufficiently deter the Defendants from such oppressive conduct in the future; post-judgment interest; prejudgment interest; and all costs.

AD DAMNUM

10

WHEREFORE PREMISES CONSIDERED, Plaintiff, demands judgment of and from the

Defendants, Delta, Pinnacle and Comair, jointly and severally, for her actual damages in the

amount of Nine Hundred Seventy Five Thousand Dollars ($975,000.00); punitive damages in an

amount to adequately and sufficiently deter the Defendants from such oppressive conduct in the

future; post-judgment interest; prejudgment interest; and all costs.

WHEREFORE PREMISES CONSIDERED, Plaintiff, Carol Lubin, demands trial by

jury.

Respectfully submitted, this the 18th day of July, 2014.

CAROL LUBIN

BY:

WAYNE E. FERRELL, JR.


OF COUNSEL:

WAYNE E. FERRELL, JR.
Mississippi Bar No. 5182
Attorney at Law
Law Offices of Wayne E. Ferrell, Jr., PLLC
Post Office Box 24448
Jackson, Mississippi 39225-4448
(601) 969-4700

Gregory W. Harbison
Mississippi Bar No. 10198
204 West Main Street
Tupelo, Mississippi 38802
662-840-7111

11

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
OF HINDS COUNTY, MISSISSIPPI

CAROL LUBIN                                                                    PLAINTIFF

V.                                          CIVIL ACTION NO. 14-467

DELTA AIRLINES, INC.; COMAIR,               **F I L E D**
PINNACLE AIRLINES,
AND DEFENDANTS A-T                          JUL 21 2014                      DEFENDANTS

                                            BARBARA DUNN, CIRCUIT CLERK

                                            _____ D C.

PLAINTIFF'S FIRST SET OF INTERROGATORIES
TO DEFENDANTS, DELTA AIRLINES, INC.;
COMAIR; AND PINNACLE AIRLINES

Plaintiff directs the following Interrogatories to Defendants, Delta Airlines, Inc., Comair and

Pinnacle Airlines to be answered separately and fully, in writing and under oath, within thirty (30)

days upon service upon said Defendant.

NOTICE TO SUPPLEMENT

Plaintiff hereby gives notice that these Interrogatories are to be deemed continuing and that

supplement answers are required when the Defendants, their attorneys, or anyone in privity

therewith, shall gain additional or different information give in answer thereto.

DEFINITIONS

(a)     Hereinafter referred to upon Definitions or terms should be understood, the "aircraft"

shall mean that aircraft used on Delta Airlines Flight from Memphis, Tennessee to Boston,

Massachusetts on July 20, 2012, which was owned and operated by Delta Airlines, Inc., Comair

and/or Pinnacle Airlines.

(b)     The "incident" or the "occasion in question" shall mean the occasion where Carol

Lubin tripped after deplaning from the Delta, Comair and/or Pinnacle aircraft at the Boston,

Massachusetts airport on July 20, 2012.

(c)    "Writings" and/or "documents" include but shall not be limited to all originals, reproductions, or copies of any kind of handwritten, typed, printed or documentary material in the possession, custody or control of Defendants or their counsel or anyone in privity therewith, including, without limiting the generality of the definition, all letters, correspondence, memoranda, interoffice communications, notes, statements, paraphrases of statements, drawings, tape recordings, graphs, charts, work, papers, studies, agreements, contracts, records of telephone calls, and all writings or typed matter or longhand written matter of any nature. In all cases, the phrases shall include copies in the possession, control or custody of Defendants, their counsel, or anyone in privity therewith, in addition to the original.

(d)    "FAA" includes Federal Aviation Administration and/or any Federal Aviation agency;

(e)    "FAR" means Federal Aviation Regulation;

(f)    "NTSB" means National Transportation Safety Board and/or the Federal Aviation Acts and Investigation Boards and includes accident and incident investigation conducted by the FAA;

(g)    "Delta Airlines" and "Delta" refer to Defendant, Delta Airlines, Inc., and/or any parent corporations, subsidiary corporations, successors, or affiliated entities;

(h)    "Comair" refers to Defendant, Comair, and/or any parent corporations, subsidiary corporations, successors, or affiliated entities;

(i)    "Pinnacle" refers to Defendant, Pinnacle Airlines, and/or and/or any parent corporations, subsidiary corporations, successors, or affiliated entities;

(j)    "Subject flight" refers to the flight of the aircraft on or about July 20, 2012 wherein Carol Lubin flew as a commercial passenger from Memphis, Tennessee to Boston, Massachusetts;

2

and was deplaning the Delta, Comair and/or Pinnacle flight in Boston, Massachusetts when the Jetway moveable stairs failed causing Carol Lubin injuries.

(k)   "Jetway moveable stairs" refers to the Jetway moveable stairs in question that failed causing Carol Lubin to fall on July 20, 2012.

### INTERROGATORIES

INTERROGATORY NO. 1:    State whether you, your attorneys, investigators, or anyone acting on your behalf have any maps, warnings, diagrams, charts, reports, drawings, or photographs taken of any of the physical or mechanical objects or of the persons involved in the accident, the aircraft, the Jetway moveable stairs, and/or the accident site. If so, list separately each map, warning, diagram, chart, report, drawing, or photograph known to you; state the date on which each map, warning, diagram, chart, report, drawing, or photograph was made or taken; state the name and address of the person or persons who made each map, warning, diagram, chart, report, drawing, or took each photograph; state the general subject matter or each photograph, map, warning, diagram, chart, report, drawing; and state the name, address, and employer of the present custodian of each map, warning, diagram, chart, report, drawing, or photograph.

INTERROGATORY NO. 2:    State whether anyone acting in or on your behalf has examined or tested any part of the aircraft and/or the Jetway moveable stairs since the date of the incident or any part of the aircraft and/or Jetway moveable stairs of the same model and type that was involved in the incident on July 20, 2012. If so, for each examination or testing give the name, business and residence address, telephone number, job title, employer's name and address of the person making the examination or conducting testing and/or persons who otherwise assisted in or observed the examination or testing; each part examined or tested; the date of each examination or

3

test; the location of each examination or test; the nature of each examination or test. Identify each writing pertaining to each examination or test and the present custodian; giving his/her name and address; the name, address, telephone number, job title, and employer for each person that assisted in the examination and/or testing; and who observed the examination or testing; the name and address of each person from any trade organization or governmental agency, or any other person who assisted, observed, or to whom reports were submitted; and any other person to whom the results of the examinations or test were given.

INTERROGATORY NO. 3:      State whether any person (on behalf of Delta Airlines, Comair, Pinnacle, the Boston Logan International Airport and/or Massachusetts Transportation Authority, their attorneys, their insurance companies, and/or anyone on their behalf) made any investigations and/or reports or writings to anyone, on behalf of the Defendants (or otherwise), relating in any way to the investigation of the negligence of Delta Airlines, Comair and/or Pinnacle; the Jetway moveable stairs in question; employees of Delta Airlines, Comair, Pinnacle, Boston Logan International Airport and/or Massachusetts Transportation Authority; the incident in question; and/or the damages and injuries complained of in this lawsuit. As to each writing, report, or memorandum of oral report, state the name, business and residence address, telephone number and job title of each person who actually initiated the investigation; who actually requested each accident or writing; who actually prepared each report or writing; the date or each report or writing; title and identifying number description of each report or writing; the name and address of the present custodian of each report or writing.

INTERROGATORY NO. 4:      Have you, your attorneys, or anyone else on your behalf consulted with any person holding himself/herself out to be an expert or a consultant in any field

4

with respect to any of the issues in this case, including any person employed by your attorneys to assist them in the preparation, investigation or trial of this case? If so, state his/her name, address, telephone number, job title, employer's name and field of expertise; the date of first contact or consultation with him/her and the name of each person who contacted him/her on your behalf; the date of all subsequent contacts or consultations with him/her; the name of each person who contacted him/her on your behalf; whether any written or oral, or both, reports were made by him/her; the date of each such report, if any. As to each such report, state whether it was oral or written; state whether it was submitted pursuant to his/her employment or in an advisory capacity or as a prospective witness, or both; the nature of the inquiry made by him/her and the subject matter investigated by him/her; whether you intend to call him/her as an expert witness at trial; and the date on which you anticipate you will know whether or not you will call him/her as an expert at trial.

INTERROGATORY NO. 5:    As to each expert witness or any witnesses who any of the Defendants contend to be qualified to give evidence as an expert, state the name and address of the witness; qualifications; whether you expect to call each as a witness; the subject matter about which each expert whom you expect to call as a witness is expected to testify; a summary of the grounds or reasons for each opinion held; whether each expert identified in response to the next preceding interrogatory has made a report or other communication to the Defendants, their attorneys, or anyone known to the Defendants with regard to the incident in question, and the cause thereof. If an expert identified in the preceding interrogatory has made a communication to the Defendants, their attorneys, or anyone known to the Defendants with regard to the incident in question and the cause thereof, give a summary of the contents of each such report or communication, or, in the alternative, attach a copy of each such report or communication to your answers to these interrogatories; give

5

a summary of the qualifications of each such expert; a complete list of all articles, books, manual, reports, service manuals, technical manuals, reports of testing, or any other published articles drafted, authored, edited, or assisted in and/or causing to be published. Include in your answer where published, when published, publisher, name of publication, or name of publication in which the writing appears. Also, list all cases the expert witness has testified (either at trial or by deposition); and give the style of the case; Plaintiff's attorneys' name, address and telephone number; Defendant's attorneys' name, address and telephone number; location of court where case was filed; whether testimony was by deposition or at trial; and date of testimony.

INTERROGATORY NO. 6:     Identify each and every piece of physical evidence, or tangible thing, including all documents, papers records, or other writings, including photographs, videotapes, DVD tapes, or any other type of reproduction of the incident or the objects known to the Defendants, their attorneys, or anyone in privity therewith, which contains or purports to contain evidence relative to the incident in question on July 20, 2012; the Plaintiffs damages; the cause of the accident and/or accident in question, or any other related matter. As to each document or thing or class of documents and things answered in response to this interrogatory, please state their origin or source; their identity; their present whereabouts; the name and address of the present custodian; and what each document or thing pertains to and what it contains or what it purports to contain as evidence relative to this lawsuit. Also, state whether you intend to offer any item identified herein at the trial of this cause.

INTERROGATORY NO. 7:     State the names, business and residence addresses, telephone numbers, job titles, and names of employers of each person known to you, your attorneys, your insurance carriers, their representative, or anyone acting in their behalf, who saw or heard or

6

claims to have seen or heard any of the events or the happenings which occurred at the scene of the accident, before the accident, at the time of the accident, or after the accident, and further identify as to each witness whether he/she is a witness of the events occurring before the accident, at the time of the accident or after the accident.

INTERROGATORY NO. 8:      State the names, business and residence addresses, telephone numbers, job title, and employer's name of each person known to you, your attorneys, your insurance carriers, their representatives, or to anyone acting in your behalf or their behalf who claims or purports to have knowledge as to the mechanical integrity of the Jetway moveable stairs in question, the movement of the Jetway moveable stairs, the failure of the Jetway moveable stairs, the uneven connections between the Jetway moveable stairs, and/or injuries to passengers, crew members or others on the Jetway moveable stairs.

INTERROGATORY NO. 9:      As to all persons identified in your answers to the next two preceding interrogatories, state whether you, your agents, investigators, attorneys, or anyone acting on or in your behalf has spoken to, obtained statements of any kind, whether written, stenographic, recorded, reported, oral or otherwise, of the person so named. If so, state the name and address of each person; the type of statement which was taken; whether or not the statement has been reduced to some permanent form; and if so, the form it is in; the name and address of the present custodian of each statement so taken; the date on which the statement was taken; the nature of the statement; a general statement as to the knowledge of each such person concerning the events witnessed or the recorded knowledge of the mechanical integrity of the Jetway moveable stairs in question or any of its component parts; and whether you intend to call this person as a witness at trial.

INTERROGATORY NO. 10:     Do the Defendants, Delta Airlines, Comair and Pinnacle, have any information, knowledge, facts or beliefs which explain or tend to explain why the Jetway moveable stairs gave way or failed on July 20, 2012, and/or why the Plaintiff, Carol Lubin, fell on July 20, 2012? If so, state all knowledge, information, belief or facts upon which you rely as to what explains or tends to explain why the incident in question happened. Please list all documents which support each belief, knowledge, information, and/or fact. Also, please include the names and addresses of all witnesses who have any knowledge or information, belief, or facts which explain, or tend to explain why the Jetway moveable stairs gave way, why the Jetway moveable stairs failed and/or lowered itself causing the Plaintiff to fall; why the Jetway moveable stairs moved without being operated or commanded and/or why the Plaintiff fell.

INTERROGATORY NO. 11:     Do you contend that the incident in question was due to (1) improper maintenance of the Jetway moveable stairs; (2) the Jetway moveable stairs; (3) the negligence of Delta Airlines; (4) the negligence of Comair; (5) the negligence of Pinnacle Airlines; (6) the negligence of any employee of Boston Logan International Airport Authority and/or Massachusetts Transportation Authority; (7) the failure of Delta Airlines, Comair and/or Pinnacle Airlines to provide warnings; (8) the failure of Boston Logan International Airport Authority to provide warnings; (9) the failure of Delta Airlines, Comair and/or Pinnacle Airlines to follow the manufacturer's instructions; (10) failure, non-function, malfunction, or defect in the Jetway moveable stairs; (11) inadequate safety devices and/or warnings; (12) inadequate materials and/or workmanship in the construction of the Jetway moveable stairs; (13) the negligent manufacture or assembly of the Jetway moveable stairs; (14) Delta Airlines, Inc.; (15) Comair; (16) Pinnacle

8

Airlines; (17) any breakdown or malfunction of the Jetway moveable stairs; (18) the negligent design of the Jetway moveable stairs; and/or (19) any other person or entity?

INTERROGATORY NO. 12:   If your answer to any part of the next preceding interrogatory is in the affirmative, state how and in what manner each failure, non-function, malfunction, defect, negligent act, inadequacy, or event caused or contributed to the happening of the accident; the date, time, place, and circumstances or each occurrence; and the document or writing including but not limited to the particular manual, bulletin, instruction or writing, including each section thereof, pertaining to this Jetway moveable stairs and/or its component parts which formed a basis for or otherwise supports your contention and your answers to the sub-part of the next preceding interrogatory.

INTERROGATORY NO. 13:   State the full names, current addresses, job titles and last known employers of each and every person who worked on, serviced, repaired, installed component parts, replaced parts, inspected the Jetway moveable stairs, performed any kind of x-rays or testing on the Jetway moveable stairs; and/or evaluated any structural damage to the Jetway moveable stairs after the incident in question from the date of the incident in question to the date of the answers to these interrogatories; state the names, addresses, and telephone numbers of past and present employers of all crew members who were on board the aircraft on July 20, 2012 including all pilots, flight engineers, stewardesses, relief crews, crew members and maintenance or service crew members.

INTERROGATORY NO. 14:   State the names, addresses and telephone numbers of all passengers on the flight in question.

INTERROGATORY NO. 15:    State the names, addresses, telephone numbers of each corporation, partnership, limited liability corporation, entity or individual who was responsible for or involved in the design, manufacture, and/or sale of the Jetway moveable stairs in question.

INTERROGATORY NO. 16:    State the names, addresses, and telephone numbers of the corporation, partnership, limited liability corporation, entity or individual who was responsible for the maintenance, service and repair of the Jetway moveable stairs in question from 2007 to the present.

Respectfully submitted, this the *17th* day of July, 2014.

CAROL LUBIN

BY:

WAYNE E. FERRELL, JR.

OF COUNSEL:

WAYNE E. FERRELL, JR.
Mississippi Bar No. 5182
Attorney at Law
Law Offices of Wayne E. Ferrell, Jr., PLLC
Post Office Box 24448
Jackson, Mississippi 39225-4448
(601) 969-4700

Gregory W. Harbison
Mississippi Bar No.
204 West Main Street
Tupelo, Mississippi 38802
662-840-7111

10

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
OF HINDS COUNTY, MISSISSIPPI

CAROL LUBIN                                                              PLAINTIFF

V.                                         CIVIL ACTION NO. _____

DELTA AIRLINES, INC.; COMAIR,
PINNACLE AIRLINES,
AND DEFENDANTS A-T                                                      DEFENDANTS

PLAINTIFF'S FIRST REQUESTS FOR
PRODUCTION OF DOCUMENTS TO DEFENDANTS

Plaintiff, Carol Lubin, requests the Defendants, Delta Airlines, Inc., Comair and Pinnacle

Airlines, to produce the requested documents within thirty (30) days upon service upon said

Defendant at the office of Wayne E. Ferrell, Jr., 405 Tombigbee Street, Jackson, Mississippi, or such

other time and place that may be mutually agreed by counsel hereinafter described as follows:

DEFINITIONS

(a)    Hereinafter referred to upon Definitions or terms should be understood, the "aircraft"

shall mean that aircraft used on Delta Airlines Flight from Memphis, Tennessee to Boston,

Massachusetts on July 20, 2012, which was owned and operated by Delta Airlines, Inc., Comair

and/or Pinnacle Airlines.

(b)    The "accident", "incident" or the "occasion in question" shall mean the occasion

where Carol Lubin fell as she was leaving the aircraft and fell at Boston Logan International Airport

on July 20, 2012.

(c)    "Writings" and/or "documents" include but shall not be limited to all originals,

reproductions, or copies of any kind of handwritten, typed, printed or documentary material in the

possession, custody or control of Defendants or their counsel or anyone in privity therewith,

including, without limiting the generality of the definition, all letters, correspondence, memoranda, interoffice communications, notes, statements, paraphrases of statements, drawings, tape recordings, graphs, charts, work, papers, studies, agreements, contracts, records of telephone calls, and all writings or typed matter or longhand written matter of any nature.  In all cases, the phrases shall include copies in the possession, control or custody of Defendants, their counsel, or anyone in privity therewith, in addition to the original.

(d)   "FAA" includes Federal Aviation Administration and/or any Federal Aviation agency;

(e)   "FAR" means Federal Aviation Regulation;

(f)   "NTSB" means National Transportation Safety Board and/or the Federal Aviation Acts and Investigation Boards and includes accident and incident investigation conducted by the FAA;

(g)   "Delta Airlines" refers to Defendant, Delta Airlines, Inc., and/or any parent corporations, subsidiary corporations, successors, or affiliated entities;

(h)   "Comair" refers to Defendant, Comair, and/or any parent corporations, subsidiary corporations, successors, or affiliated entities;

(i)   "Pinnacle" refers to Defendant, Pinnacle Airlines, and/or and/or any parent corporations, subsidiary corporations, successors, or affiliated entities;

(j)   "Subject flight" refers to the flight of the aircraft on or about July 20, 2012 wherein Carol Lubin flew from Memphis, Tennessee to Boston, Massachusetts and was leaving the aircraft when she fell after the aircraft arrived in Boston, Massachusetts.

(k)   "Jetway moveable stairs" refers to the Jetway moveable stairs in question that failed or gave way causing Carol Lubin to fall on July 20, 2012.

2

## REQUESTS FOR PRODUCTION

REQUEST NO. 1:    Manuals for the Jetway moveable stairs in question; specifications of the Jetway moveable stairs and the equipment and parts for the Jetway moveable stairs; operating manuals for the Jetway moveable stairs; all the operation bulletins for the Jetway moveable stairs; and all maintenance documents on the Jetway moveable stairs in question from the time of purchase of the Jetway moveable stairs until the date of your responses to these Requests for Production of Documents.

REQUEST NO. 2:    Any and all documents reflecting the structural inspection of the Jetway moveable stairs after the incident on July 20, 2012, including the issuance or drafting of all service bulletins and alert service bulletins applicable to the Jetway moveable stairs.

REQUEST NO. 3:    Any and all documents pertaining to the purchase of the Jetway moveable stairs in question; any communications between the manufacturer and/or seller of the Jetway moveable stairs and the persons or entities purchasing or using the Jetway moveable stairs; Delta Airlines, Comair, Pinnacle Airlines, and/or Boston Logan International Airport, specifically pertaining to the Jetway moveable stairs in question; any malfunctions in the Jetway moveable stairs; any defects in the design or manufacture of the Jetway moveable stairs; other instances where accidents occurred or injuries were caused to passengers who were using the Jetway moveable stairs; and/or other instances which the Jetway moveable stairs were thought or beleived to have failed.

REQUEST NO. 4:    Any and all check lists or handbooks dealing with the Jetway moveable stairs, including all manufacturer's operational checklists or contractor operational checklists.

3

REQUEST NO. 5:    Any and all structural repair manuals for the Jetway moveable stairs, including all maintenance records which reflect alteration and/or repair of the Jetway moveable stairs from July 1, 2007 to the present, in particular those which reflect repair or maintenance before and after the incident in question on July 20, 2012.

REQUEST NO. 6:    Documents comprising all service difficulty reports made to Delta Airlines, Inc., Comair and/or Pinnacle Airlines concerning the Jetway moveable stairs in question.

REQUEST NO. 7:    Any and all documents reflecting tickets issued to passengers, boarding passes issued to passengers, seat assignments for the passengers on board the subject flight and names, addresses and telephone numbers of the passengers on the flight in question.

REQUEST NO. 8:    Copies of any and all complaints, letters and lawsuits or other documentation reflecting injuries to passengers for falls, stumbles and/or injuries alleged to be because of defective Jetway moveable stairs or could have been caused by the defective Jetway moveable stairs from July 1, 2007.

REQUEST NO. 9:    All statements of witnesses and all documents reflecting statements of eye witnesses to the incident in question.

REQUEST NO. 10:    Documents, photographs, video tapes, DVD's, videos, digital reproductions and/or individual depictions of the Jetway moveable stairs both immediately before the incident in question and after the incident in question.

REQUEST NO. 11:    All documents containing reference to load bearing capacity of the Jetway moveable stairs.

4

REQUEST NO. 12:    Documents pertaining to malfunctions in the Jetway moveable stairs; defects in the Jetway moveable stairs; and/or the Jetway moveable stairs giving way, falling or being uneven which were orginated from 2007 to the present.

REQUEST NO. 13:    Documents pertaining to the investigation of the incident in question including, but not limited to, formal and informal reports or drafts thereof concerning the incident in question prepared by Delta Airlines, Comair, Pinnacle, Boston Logan International Airport Authority, and/or Massachusetts Transportation Authority, any construction agency, NTSB, FAA, or any other person or agency preparing reports on the incident in question or the injuries to Carol Lubin.

REQUEST NO. 14:    Documents concerning any other incidents involving the Jetway moveable stairs from July 1, 2007 to the present.

REQUEST NO. 15:    Documents, complaints, official reports and/or statements of all crew members or passengers, ticket agents, maintenance personnel, or anyone else concerning the incident on July 20, 2012, at Boston Logan International Airport.

REQUEST NO. 16:    All documents containing any and all activity and/or surveillance reports, reports or notes of investigations, photographs, videotapes, digital tapes, or films or any type of the Plaintiff from July 20, 2012 to the present including but not limited to those surveillance videos taken on July 20, 2012.

REQUEST NO. 17:    All documents provided to NTSB, OSHA, the FAA, or any other governmental or non-governmental agency by Delta Airlines, Comair, Pinnacle Airlines or anyone else as a result of the investigation of the incident in question.

REQUEST NO. 18:    Documents comprising the complete file maintained by Delta Airlines, Comair, Pinnacle Airlines, their insurers, their investigators, or its attorneys regarding the incident in question.

REQUEST NO. 19:    Any and all witness statements that are relevant to the occasion in question, written or otherwise taken by any agents, employees, investigators, adjusters, or anyone acting for or on behalf of Delta Airlines, Comair, Pinnacle Airlines, their crews, their attorneys, Boston Logan International Airport Authority, Massachusetts Transportation Authority, or anyone in privity therewith.

REQUEST NO. 20:    Any and all reports, files, memoranda or documents in the customer service department or any other department of Delta Airlines, Comair, and Pinnacle Airlines that indicate or recorded any complaints, telephone communications, telephone complaints or inquiries of any type including, but not limited to, customer response, log book relating to comments, problems, suggestions or complaints in reference to the Jetway moveable stairs at any Delta Airlines, Comair and/or Pinnacle Airlines location.

REQUEST NO. 21:    Any and all correspondence, writings or documents submitted to any governmental agency or others concerning or relating to the incident in question.

REQUEST NO. 22:    Any and all documents, writings, tests, photographs or tangible evidence to be introduced at the trial of this cause and/or documents or things referred to in the interrogatories or in the answers to interrogatories.

REQUEST NO. 23:    Any and all reports, videotapes, digital tapes, audio tapes, tests, examinations, or other writings or documents produced for or by Delta Airlines, Comair and/or

Pinnacle Airlines for the purpose of this cause of action or for any other cause of action arising out of the subject incident or defective Jetway moveable stairs.

REQUEST NO. 24:   Any and all documents that reflect the purchase or construction of the Jetway moveable stairs in question.

REQUEST NO. 25:   Any and all documents that reflect the maintenance on the Jetway moveable stairs in question from the time it was first installed to the present, and any and all contracts of maintenance on the Jetway moveable stairs in question.

REQUEST NO. 26:   Any and all documents reflecting the ownership of the Jetway moveable stairs in question.

REQUEST NO. 27:   Any and all contracts between Delta Airlines, Comair, Pinnacle Airlines, and/or Boston Logan International Airport Authority, including any specific contract concerning the Jetway moveable stairs in question.

REQUEST NO. 28:   Any and all contracts that Delta Airlines, Comair and/or Pinnacle Airlines have with any other provider concerning the Jetway moveable stairs.

Respectfully submitted, this the *17th* day of July, 2014.

CAROL LUBIN

BY: _____
WAYNE E. FERRELL, JR.


OF COUNSEL:

WAYNE E. FERRELL, JR.
Mississippi Bar No. 5182
Attorney at Law
Law Offices of Wayne E. Ferrell, Jr., PLLC

7

Post Office Box 24448
Jackson, Mississippi  39225-4448
(601) 969-4700

Gregory W. Harbison
Mississippi Bar No.
204 West Main Street
Tupelo, Mississippi 38802
662-840-7111

8

Case 3:14-cv-00467-WHB   Document 1-2   Filed 07/18/2014   Page 1 of 2

# COVER SHEET
## Civil Case Filing Form
*(To be completed by Attorney/Party Prior to Filing of Pleading)*

Mississippi Supreme Court    Form AOC/01
Administrative Office of Courts    (Rev 2009)

| Court Identification Docket # | Case Year | Docket Number |
|---|---|---|
| 25 7 CI | 2014 | 1467 |

County #  Judicial  Court ID
District  (CH, Ci, CO)

07 17 14
Month  Date  Year
This area to be completed by clerk

Case Number if filed prior to 1/1/94

In the **CIRCUIT** Court of **HINDS** County — _____ Judicial District

**Origin of Suit** ("Place an "X" in one box only)
- [X] Initial Filing
- [ ] Reinstated
- [ ] Foreign Judgment Enrolled
- [ ] Transfer from Other court
- [ ] Other
- [ ] Remanded
- [ ] Reopened
- [ ] Joining Suit/Action
- [ ] Appeal

**Plaintiff - Party(ies) Initially Bringing Suit Should be Entered First - Enter Additional Plaintiffs on Separate Form**

Individual  **LUBIN**      **CAROL**
    Last Name    First Name    Maiden Name, if applicable    M.I.    Jr/Sr/III/IV

___ Check ( x ) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of _____

___ Check ( x ) if Individual Plaintiff is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity:
D/B/A or Agency _____

Business _____
Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where incorporated

___ Check ( x ) if Business Plaintiff is filing suit in the name of an entity other than the above, and enter below:
D/B/A _____

Address of Plaintiff **405 TOMBIGBEE ST., JACKSON, MS 39201**

Attorney (Name & Address)  **WAYNE E. FERRELL, JR., 405 TOMBIGBEE ST., JACKSON, MS 39201**  MS Bar No. **5182**

___ Check ( x ) if Individual Filing Initial Pleading is NOT an attorney

Signature of Individual Filing:

**Defendant - Name of Defendant - Enter Additional Defendants on Separate Form**

Individual _____
    Last Name    First Name    Maiden Name, if applicable    M.I.    Jr/Sr/III/IV

___ Check ( x ) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of _____

___ Check ( x ) if Individual Defendant is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity:
D/B/A or Agency _____

Business  **DELTA AIRLINES, INC.**
Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where incorporated

___ Check ( x ) if Business Defendant is acting in the name of an entity other than the above, and enter below:
D/B/A _____

Attorney (Name & Address) _____  MS Bar No. _____

**Damages Sought:** Compensatory $ **975,000** Punitive $ **to be determined** Check ( x ) if child support is contemplated as an issue in this suit.*
*If checked, please submit completed Child Support Information Sheet with this Cover Sheet

**Nature of Suit** (Place an "X" in one box only)

| Domestic Relations | Business/Commercial | Children/Minors - Non-Domestic | Real Property |
|---|---|---|---|
| [ ] Child Custody/Visitation | [ ] Accounting (Business) | [ ] Adoption - Contested | [ ] Adverse Possession |
| [ ] Child Support | [ ] Business Dissolution | [ ] Adoption - Uncontested | [ ] Ejectment |
| [ ] Contempt | [ ] Debt Collection | [ ] Consent to Abortion Minor | [ ] Eminent Domain |
| [ ] Divorce:Fault | [ ] Employment | [ ] Removal of Minority | [ ] Eviction |
| [ ] Divorce: Irreconcilable Diff. | [ ] Foreign Judgment | [ ] Other _____ | [ ] Judicial Foreclosure |
| [ ] Domestic Abuse | [ ] Garnishment | **Civil Rights** | [ ] Lien Assertion |
| [ ] Emancipation | [ ] Replevin | [ ] Elections | [ ] Partition |
| [ ] Modification | [ ] Other _____ | [ ] Expungement | [ ] Tax Sale: Confirm/Cancel |
| [ ] Paternity | **Probate** | [ ] Habeas Corpus | [ ] Title Boundary or Easement |
| [ ] Property Division | [ ] Accounting (Probate) | [ ] Post Conviction Relief/Prisoner | [ ] Other _____ |
| [ ] Separate Maintenance | [ ] Birth Certificate Correction | [ ] Other _____ | **Torts** |
| [ ] Termination of Parental Rights | [ ] Commitment | **Contract** | [ ] Bad Faith |
| [ ] UIFSA (eff 7/1/97; formerly URESA) | [ ] Conservatorship | [ ] Breach of Contract | [ ] Fraud |
| [ ] Other _____ | [ ] Guardianship | [ ] Installment Contract | [ ] Loss of Consortium |
| **Appeals** | [ ] Heirship | [ ] Insurance | [ ] Malpractice - Legal |
| [ ] Administrative Agency | [ ] Intestate Estate | [ ] Specific Performance | [ ] Malpractice - Medical |
| [ ] County Court | [ ] Minor's Settlement | [ ] Other _____ | [ ] Mass Tort |
| [ ] Hardship Petition (Driver License) | [ ] Muniment of Title | **Statutes/Rules** | [ ] Negligence - General |
| [ ] Justice Court | [ ] Name Change | [ ] Bond Validation | [ ] Negligence - Motor Vehicle |
| [ ] MS Dept Employment Security | [ ] Testate Estate | [ ] Civil Forfeiture | [ ] Product Liability |
| [ ] Worker's Compensation | [ ] Will Contest | [ ] Declaratory Judgment | [ ] Subrogation |
| [ ] Other _____ | [ ] Other _____ | [ ] Injunction or Restraining Order | [ ] Wrongful Death |
| | | [ ] Other _____ | [ ] Other _____ |

IN THE __CIRCUIT_____ COURT OF __HINDS_____ COUNTY, MISSISSIPPI

_____ JUDICIAL DISTRICT, CITY OF _____

Docket No._____ - _____ _____   Docket No. If Filed
 File Yr      Chronological No.      Clerk's Local ID   Prior to 1/1/94_____

### DEFENDANTS IN REFERENCED CAUSE - Page 1 of ___ Defendants Pages
### IN ADDITION TO DEFENDANT SHOWN ON CIVIL CASE FILING FORM COVER SHEET

**Defendant #2:**

Individual: _____ _____ ( _____ ) _____ _____
              Last Name          First Name      Maiden Name, if Applicable  Middle Init.  Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

D/B/A _____

Business __COMAIR_____
              Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

D/B/A _____

ATTORNEY FOR THIS DEFENDANT: _____ Bar # or Name: _____ Pro Hac Vice (✓)___ Not an Attorney(✓)___

**Defendant #3:**

Individual: _____ _____ ( _____ ) _____ _____
              Last Name          First Name      Maiden Name, if Applicable  Middle Init.  Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

D/B/A _____

Business __PINNACLE AIRLINES_____
              Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

D/B/A _____

ATTORNEY FOR THIS DEFENDANT: _____ Bar # or Name: _____ Pro Hac Vice (✓)___ Not an Attorney(✓)___

**Defendant #4:**

Individual: _____ _____ ( _____ ) _____ _____
              Last Name          First Name      Maiden Name, if Applicable  Middle Init.  Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

D/B/A _____

Business _____
              Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the above, and enter below:

D/B/A _____

ATTORNEY FOR THIS DEFENDANT: _____ Bar # or Name: _____ Pro Hac Vice (✓)___ Not an Attorney(✓)___

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
OF HINDS COUNTY, MISSISSIPPI

CAROL LUBIN                                                                    PLAINTIFF

V.                                            CIVIL ACTION NO. 14-467

DELTA AIRLINES, INC.; COMAIR,
PINNACLE AIRLINES,
AND DEFENDANTS A-Z                                            DEFENDANTS

## SUMMONS

THE STATE OF MISSISSIPPI

TO:   Pinnacle Airlines
      Corporation Service Company
      506 South President Street
      Jackson, MS 39201

### NOTICE TO DEFENDANT

**THE COMPLAINT, INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS WHICH ARE ATTACHED TO THIS SUMMONS ARE IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand-deliver a copy of a written response to the Complaint to Wayne E. Ferrell, Jr., the attorney for the Plaintiff, whose address is Post Office Box 24448, 405 Tombigbee Street, Jackson, Mississippi 39225-4448. Your response must be mailed or delivered within thirty (30) days from the date of delivery of this Summons and Complaint or a Judgment by default will be entered against you for the money or other things demanded in the Complaint.

You must also file the original of your response to this Complaint with the Clerk of this Court within thirty (30) days from the date of delivery of this Summons and Complaint.

Issued under my hand and seal of said Court, this the 22 day of July, 2014.

ATTEST A TRUE COPY

JUL 2 2 2014

BARBARA DUNN, CIRCUIT CLERK

BARBARA DUNN, CIRCUIT CLERK

De          D.C.

DEPUTY CLERK

Case: 25CI1:14-cv-00467-WAG     Document #: 6     Filed: 08/05/2014     Page 2 of 2

## PROOF OF SERVICE-SUMMONS

TO:     Pinnacle Airlines
        Corporation Service Company
        506 South President Street
        Jackson, MS 39201

     I, the undersigned process server, served the Summons, Complaint, Interrogatories and Requests for Production upon the person or entity named above in the manner set forth below:

_____   FIRST CLASS MAIL AND ACKNOWLEDGMENT SERVICE.
        By mailing (by first class mail, postage prepaid), on the date stated in the attached Notice, copies to the person served, together with copies of the form of Notice and Acknowledgment and return envelope, postage prepaid, addressed to the sender.

__X__   PERSONAL SERVICE.
        I personally delivered copies to ___Danny Perry___ on the 31st day of ___July___, 2014, where I found said person in ___Hinds___ County of the State of Mississippi.

_____   RESIDENCE SERVICE.
        After exercising reasonable diligence I was unable to deliver copies to said person within _____ County, Mississippi. I served the Summons and Complaint on the ____ day of _____, 2014, at the usual place of abode of said person by leaving a true copy of the Summons and Complaint with _____, who is the _____, a member of the family of the person served above the age of sixteen years and willing to receive the Summons and Complaint, and thereafter on the ____ day of _____, 2014, I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

_____   CERTIFIED MAIL SERVICE.
        By mailing to an address outside Mississippi (by first class mail, postage prepaid, requiring a return receipt) copies to the person served.

     At the time of service, I was at least eighteen years of age and not a party to this action.

This the 31st day of ___July___, 2014.

_____
PROCESS SERVER

     SWORN TO AND SUBSCRIBED BEFORE ME, this the 31 day of ___July___ 2014.

_____
NOTARY PUBLIC

My Commission expires:

___9/6/15___

STATE OF MISSISSIPPI
NOTARY PUBLIC
ID # 100099
DAWN CROSBY
Commission Expires:
Sept. 6, 2015
HINDS COUNTY

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
OF HINDS COUNTY, MISSISSIPPI

CAROL LUBIN                                                                          PLAINTIFF

V.                                                          CIVIL ACTION NO. 14-467

DELTA AIRLINES, INC.; COMAIR,
PINNACLE AIRLINES,
AND DEFENDANTS A-Z                                                        DEFENDANTS


## SUMMONS

THE STATE OF MISSISSIPPI

TO:    Delta Airlines Inc.
       Corporation Service Company
       506 South President Street
       Jackson, MS 39201


### NOTICE TO DEFENDANT

**THE COMPLAINT, INTERROGATORIES AND REQUESTS FOR PRODUCTION OF
DOCUMENTS WHICH ARE ATTACHED TO THIS SUMMONS ARE IMPORTANT
AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand-deliver a copy of a written response to the Complaint to
Wayne E. Ferrell, Jr., the attorney for the Plaintiff, whose address is Post Office Box 24448, 405
Tombigbee Street, Jackson, Mississippi 39225-4448. Your response must be mailed or delivered
within thirty (30) days from the date of delivery of this Summons and Complaint or a Judgment
by default will be entered against you for the money or other things demanded in the Complaint.

You must also file the original of your response to this Complaint with the Clerk of this
Court within thirty (30) days from the date of delivery of this Summons and Complaint.

Issued under my hand and seal of said Court, this the 22 day of July,
2014.

ATTEST A TRUE COPY

JUL 2 2 2014

BARBARA DUNN, CIRCUIT CLERK

BARBARA DUNN, CIRCUIT CLERK

_____
DEPUTY CLERK

Case: 25CI1:14-cv-00467-WAG   Document #: 7   Filed: 08/05/2014   Page 2 of 2

## PROOF OF SERVICE-SUMMONS

TO:   Delta Airlines Inc.
Corporation Service Company
506 South President Street
Jackson, MS 39201

I, the undersigned process server, served the Summons, Complaint, Interrogatories and Requests for Production upon the person or entity named above in the manner set forth below:

_____   FIRST CLASS MAIL AND ACKNOWLEDGMENT SERVICE.
By mailing (by first class mail, postage prepaid), on the date stated in the attached Notice, copies to the person served, together with copies of the form of Notice and Acknowledgment and return envelope, postage prepaid, addressed to the sender.

___X___   PERSONAL SERVICE.
I personally delivered copies to _Danny Perry_____ on the _31st_ day of _July____, 2014, where I found said person in _Hinds_ County of the State of Mississippi.

_____   RESIDENCE SERVICE.
After exercising reasonable diligence I was unable to deliver copies to said person within _____ County, Mississippi. I served the Summons and Complaint on the _____ day of _____, 2014, at the usual place of abode of said person by leaving a true copy of the Summons and Complaint with _____, who is the _____, a member of the family of the person served above the age of sixteen years and willing to receive the Summons and Complaint, and thereafter on the ___ day of _____, 2014, I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

_____   CERTIFIED MAIL SERVICE.
By mailing to an address outside Mississippi (by first class mail, postage prepaid, requiring a return receipt) copies to the person served.

At the time of service, I was at least eighteen years of age and not a party to this action.

This the _31st_ day of _July_____, 2014.

_____
PROCESS SERVER

SWORN TO AND SUBSCRIBED BEFORE ME, this the _31_ day of _July_____ 2014.

_____
NOTARY PUBLIC

My Commission expires:
_9/6/15_____

STATE OF MISSISSIPPI
NOTARY PUBLIC
ID # 100099
DAWN CROSBY
Commission Expires
Sept. 6, 2015
HINDS COUNTY

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
## OF HINDS COUNTY, MISSISSIPPI

CAROL LUBIN                                                          PLAINTIFF

V.                                              CIVIL ACTION NO. 14-467

DELTA AIRLINES, INC.; COMAIR,
PINNACLE AIRLINES,
AND DEFENDANTS A-Z                                                  DEFENDANTS

### SUMMONS

THE STATE OF MISSISSIPPI

TO:   Comair
      Corporation Service Company
      506 South President Street
      Jackson, MS 39201

### NOTICE TO DEFENDANT

**THE COMPLAINT, INTERROGATORIES AND REQUESTS FOR PRODUCTION OF
DOCUMENTS WHICH ARE ATTACHED TO THIS SUMMONS ARE IMPORTANT AND
YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand-deliver a copy of a written response to the Complaint to
Wayne E. Ferrell, Jr., the attorney for the Plaintiff, whose address is Post Office Box 24448, 405
Tombigbee Street, Jackson, Mississippi 39225-4448. Your response must be mailed or delivered
within thirty (30) days from the date of delivery of this Summons and Complaint or a Judgment by
default will be entered against you for the money or other things demanded in the Complaint.

You must also file the original of your response to this Complaint with the Clerk of this
Court within thirty (30) days from the date of delivery of this Summons and Complaint.

Issued under my hand and seal of said Court, this the 22 day of July, 2014.

ATTEST A TRUE COPY

JUL 2 2 2014

BARBARA DUNN, CIRCUIT CLERK

BARBARA DUNN, CIRCUIT CLERK

_____
DEPUTY CLERK

Case: 25CI1:14-cv-00467-WAG     Document #: 8     Filed: 08/05/2014     Page 2 of 2

## PROOF OF SERVICE-SUMMONS

TO:     Comair
        Corporation Service Company
        506 South President Street
        Jackson, MS 39201

     I, the undersigned process server, served the Summons, Complaint, Interrogatories and Requests for Production upon the person or entity named above in the manner set forth below:

_____   FIRST CLASS MAIL AND ACKNOWLEDGMENT SERVICE.
By mailing (by first class mail, postage prepaid), on the date stated in the attached Notice, copies to the person served, together with copies of the form of Notice and Acknowledgment and return envelope, postage prepaid, addressed to the sender.

__X___   PERSONAL SERVICE.
I personally delivered copies to _Danny Perry_____ on the _31st_ day of _July_____, 2014, where I found said person in _Hinds_ County of the State of Mississippi.

_____   RESIDENCE SERVICE.
After exercising reasonable diligence I was unable to deliver copies to said person within _____ County, Mississippi. I served the Summons and Complaint on the ____ day of _____, 2014, at the usual place of abode of said person by leaving a true copy of the Summons and Complaint with _____, who is the _____, a member of the family of the person served above the age of sixteen years and willing to receive the Summons and Complaint, and thereafter on the ____ day of _____, 2014, I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

_____   CERTIFIED MAIL SERVICE.
By mailing to an address outside Mississippi (by first class mail, postage prepaid, requiring a return receipt) copies to the person served.

At the time of service, I was at least eighteen years of age and not a party to this action.

This the _31st_ day of _July_____, 2014.

                                      _____
                                         PROCESS SERVER

     SWORN TO AND SUBSCRIBED BEFORE ME, this the _31_ day of _July_____ 2014.

                                      _____
                                      NOTARY PUBLIC

My Commission expires:
____9/6/15____

STATE OF MISS.
NOTARY PUBLIC
ID # 100099
DAWN CROSBY
Commission Expires
Sept. 6, 2015
HINDS COUNTY