UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**CAROL LUBIN**                                                                                     **PLAINTIFF**

**VS.**                                                        **CAUSE NO. 3:14-cv-648-CWR-FKB**

**DELTA AIRLINES, INC.; COMAIR;**                                  **DEFENDANTS**
**BOMBARDIER, INC.;**
**DEFENDANTS B – F;**
**DEFENDANTS G – M; and**
**DEFENDANTS N – T**

## MEMORANDUM OPINION AND ORDER

      Before this court is the motion of the defendant Bombardier, Inc. (hereinafter "Bombardier") to dismiss the instant action against it for lack of personal jurisdiction, filed on December 17, 2014. Docket No. 19. In the alternative, the motion calls for the court to dismiss for insufficient process and insufficient service of process. *Id.* The plaintiff opposes Bombardier's motion, but does so mainly by invoking Rule 56(f) of the Federal Rules of Civil Procedure. Docket No. 25. Defendant has responded to plaintiff's objections, Docket No. 31, and has fortified its motion with a supplement, Docket No. 37. In addition, on July 1, 2015, a status conference was held, in which the court heard arguments on defendant's motion. After careful consideration of the arguments and the applicable authorities, the court hereby **grants** defendant's motion to dismiss for lack of personal jurisdiction.

## BACKGROUND

      This is an action brought pursuant to various state law claims of negligence, strict liability in tort, and breach of express and implied warranties, among other claims. *See* Am. Compl., Docket No. 16. Bombardier is a Canadian Corporation with its principal place of

business in Montreal, Canada. *See* Aff. of Marie-Andree Charland, Docket No. 19-1 (hereinafter, "Charland Aff."). Plaintiff Carol Lubin is a resident of Mississippi.

On July 20, 2012, Lubin was a passenger on Delta Flight DL 3222, "which was operated on a 2003 Bombardier, Inc. model CL-600-2C10-CRJ700." Lubin boarded the plane in Memphis, Tennessee en route to Boston, Massachusetts. Docket No. 16. According to Lubin, as she was walking down the stairs of the aircraft, its bottom steps suddenly began to shake, which caused her to fall and suffer her injuries. *Id.* She broker her leg and suffered other injuries as a result. *See* Am. Compl. at 4.

On July 17, 2014, Lubin filed the current suit against Delta, Comair, Pinnacle Airlines and several unidentified defendants in the Circuit Court of the First Judicial District of Hinds County, Mississippi. Lubin asserted a variety of claims against these defendants, including negligence, strict liability in tort, and breach of express and implied warranties, among others. On August 19, 2014, the defendants timely removed the action to this court.[1] The Case Management Conference was held, after which Lubin filed an Amended Complaint adding Bombardier as a defendant. Bombardier now moves to dismiss this action for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), or in the alternative, for insufficient process and insufficient service of process pursuant to 12(b)(4) and 12(b)(5), respectively.[2]

## PERSONAL JURISDICTION

When a nonresident defendant presents a motion to dismiss for lack of personal jurisdiction, it is the plaintiff's burden to establish that *in personam* jurisdiction exists. *Wilson v.*

---

[1] Upon agreement with Lubin, Pinnacle was dismissed from this action. Docket No. 9.
[2] In its motion, Bombardier argues that plaintiff violated the local rules of this court by adding it as a defendant without seeking leave of court. Fed. R. Civ. P. 15(a)(2). In addition, Bombardier says that service has not been effectuated because Lubin mailed a copy of the Summons and Amended Complaint to the wrong address and did not otherwise comply with the requirements of the Hague Treaty. *See* Docket No. 20, at 12-14. Bombardier's primary argument, however, is that this court lacks personal jurisdiction over it. Because the court finds this argument dispositive, it declines to reach the merits of the remaining arguments.

*Belin*, 20 F.3d 644, 648 (5th Cir. 1994), *cert. denied*, 513 U.S. 930 (1994). "The court may determine the jurisdictional issue by receiving affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery." *Allred v. Moore & Peterson*, 117 F.3d 278, 281 (5th Cir. 1997). If the motion is decided without an evidentiary hearing,[3] the plaintiff only needs to make a *prima facie* showing that jurisdiction exists and is not required to establish jurisdiction by a preponderance of the evidence. *Insta-Mix*, 438 F.3d at 469; *Kwik-Kopy Corp. v. Byers*, 37 F. App'x 90, at *3 (5th Cir. 2002) (unpublished table opinion). In such case, the "court must resolve all undisputed facts submitted by the plaintiff, as well as all facts contested in the affidavits, in favor of jurisdiction." *Insta-Mix*, 438 F.3d at 469.

A federal court sitting in diversity may exercise personal jurisdiction only to the extent allowed in state court under applicable state law. *Allred*, 117 F.3d 278, 281 (citations omitted). "A state court or a federal court sitting in diversity may assert jurisdiction if: (1) the state's long-arm statute applies, as interpreted by the state's courts; and (2) if due process is satisfied under the fourteenth amendment to the United States Constitution." *Id.* at 281 (quoting *Cycles, Ltd. v. W.J. Digby, Inc.*, 889 F.2d 612, 616 (5th Cir. 1989)). Only if the requirements of both the long-arm statute and Due Process Clause are met can the court exercise personal jurisdiction over a non-resident defendant. *Id.*

## I.   Mississippi Long-Arm Statute

Mississippi's long-arm statute states in pertinent part:

> Any nonresident person . . . who shall make a contract with a resident of this state to be performed in whole or in part by any party in this state, or who shall commit a tort in whole or in part in this state against a resident or nonresident of this state, or who shall do any business or perform any character of work or service in this state, shall by such act or acts be

---

[3] Neither plaintiff nor defendant has requested an evidentiary hearing. During the status conference, however, plaintiff was given the opportunity to state its reasons for why this court has personal jurisdiction over Bombardier.

3

> deemed to be doing business in Mississippi and shall thereby be subjected to the jurisdiction of the courts of this state.

Miss. Code Ann. § 13–3–57. Thus, jurisdiction is proper over a defendant if (1) the defendant entered into a contract with the plaintiff to be performed in whole or in part in Mississippi (the contract prong); (2) the defendant committed a tort, in whole or in part, against a plaintiff in Mississippi (the tort prong); or (3) the defendant was "doing business" in Mississippi (the "doing business" prong). *See Bally Gaming, Inc. v. Caldwell*, 12 F. Supp. 3d 907, 912 (S.D. Miss. Mar. 28, 2014).

The court must first determine whether Mississippi's long-arm statute provides for the exercise of personal jurisdiction over Bombardier. If Mississippi law does not provide for the assertion of personal jurisdiction, the court need not consider the due process issue. *See Cycles*, 889 F.2d at 616.

## ANALYSIS

Lubin argues that this court has personal jurisdiction over Bombardier pursuant to Mississippi's long-arm statute and consistent with the dictates of due process. She contends that Bombardier is subject to the contract, tort, and "doing business" prongs of the long-arm statute. The court disagrees. Lubin produces a myriad of unsubstantiated assertions, but her speculations do not lead this court to believe that it may exercise personal jurisdiction over Bombardier pursuant to Mississippi's long-arm statute. The court will discuss its reasons in turn.

**A. Long-arm statute**

  **1. Contract Prong**

The contract prong of the long-arm statute applies to a non-resident defendant if the non-resident defendant makes a contract with a resident of the state, any portion of which is to be performed in the state. Miss. Code Ann. § 13–3–57. Lubin claims that the contract prong is

satisfied because she purchased her airline tickets in Mississippi. *See* Docket No. 25, at 5. This, however, does not provide jurisdiction over Bombardier. The record evinces that Lubin purchased her ticket from defendant Delta. If a contract exists from the purchase of plaintiff's plane ticket, it was consummated between Delta and Lubin. Bombardier was not a party to a contract with Lubin. That Delta uses Bombardier aircrafts does not create a contractual relationship between Delta's customers and Bombardier. Furthermore, even if the court concluded that a contractual relationship existed between Lubin and Bombardier, plaintiff has failed to demonstrate how the contract, or at least part of the contract, was performed in Mississippi. Thus, the contract prong has not been triggered.

2. **Tort Prong**

This court has jurisdiction over Bombardier under the tort prong of the long-arm statute "if any element of the tort (or any part of any element) takes place in Mississippi." *Paz v. Brush Engineered Materials, Inc.*, 445 F.3d 809, 812 (5th Cir. 2006). Adopting the Mississippi Supreme Court's view, the Fifth Circuit Court of Appeals has recognized that "[t]he tort is not complete until the injury occurs, and if the injury occurs in this State then, under the . . . statute, the tort is committed, at least in part, in this State, and personam jurisdiction of the nonresident tortfeasor is conferred upon the Mississippi court." *Allred*, 117 F.3d 278, 282 (citation and quotation marks omitted). *See also*, *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 270-71 (5th Cir. 2006) ("If the injury occurs in Mississippi, the tort is committed, at least in part, in the state, and the requirements of the long-arm statute are satisfied. The tortfeasor's presence in Mississippi is not required; causing an injury that occurs in the state is sufficient.") (citations omitted). Here, the injuries suffered by Lubin arose in the State of Massachusetts. Lubin argues that the tort prong applies because she underwent surgery, physical therapy and suffered

damages in Mississippi as a result of her injuries. But "a tort occurs where and when the actual injury takes place, not at the place of the economic consequences of the injury." *Cycles*, 889 F.2d at 619 (citations omitted). As a result, the facts of this case do not fit within the contours of the tort prong of the long-arm statute.

### 3. Doing Business

As for the "doing business" prong, jurisdiction is proper if Bombardier did "any business or perform[ed] any character of work in [Mississippi]." Miss. Code Ann. § 13–3–57; *see also ITL Int'l, Inc. v. Constenla, S.A.*, 669 F.3d 493, 498 (5th Cir. 2012). Bombardier's presence in Mississippi must be "of such a continuing and substantial nature that we regard [it] as doing business here within the meaning of Section 13–3–57." *McDaniel v. Ritter*, 556 So.2d 303, 309 (Miss. 1989).

Lubin contends that discovery on the following set of facts evinces Bombardier's business activities in the State of Mississippi: Bombardier's aircrafts utilizes manufacturing features supplied by Eaton Aerospace, LLC, a Mississippi company; Bombardier engages in marketing and advertising in Mississippi because its aircraft was featured in a national publication to which Mississippi residents may subscribe; Bombardier increases its sales presence nationally, and, thus, most likely increased its sales presence in Mississippi; Bombardier planes are flown in and out of Mississippi regularly; and, finally, plaintiff suggests that jurisdiction is proper because Bombardier is a publicly traded company. Docket No. 25, at 2-4, 8.

The court finds that these facts do not support a showing that Bombardier has a presence in Mississippi which is so continuing and substantial in nature that this court can regard them as doing business here under the "doing business" prong of Mississippi's long-arm statute. The

facts, however, demonstrate that Bombardier is a Canadian company, that, at most, has limited, passive connections with the State of Mississippi. Bombardier's principal place of business is Montreal, Canada. Docket No. 19-1 (Aff. of Marie-Andree Charland, Director -- International Taxation and Support to Business Unites of Bombardier Inc.). Bombardier is not qualified to do business in Mississippi and "has never owned, controlled, or leased real property or any assets in Mississippi, including residential or commercial property, offices, shops or other buildings." *Id*. The record is devoid of any evidence showing that Bombardier maintains, or has ever maintained, an office, post office address, street address or mailing address or bank account in Mississippi. It has no employees, agents or officers in Mississippi; nor has Bombardier ever had a registered agent for marketing, sales, or service of process in the State of Mississippi. In fact, "Bombardier does not have an agent in the United States authorized to accept service on its behalf." *Id*.

Lubin has made a list of unsupported theories of how Bombardier has connections in Mississippi with hopes of gaining the right to pursue its claims against Bombardier in this court, but those assertions do not penetrate the evidence submitted by Bombardier, and the court is not persuaded by plaintiff's assertions. Consequently, personal jurisdiction is not warranted under the "doing business" prong.

### B. Jurisdictional Discovery

Plaintiff argues that the court should allow her to conduct jurisdictional discovery related to Bombardier. The district court has broad discretion regarding discovery matters. *Wyatt v. Kaplan*, 686 F.2d 276, 283 (5th Cir. 1982). "Discovery on matters of personal jurisdiction . . . need not be permitted unless the motion to dismiss raises issues of fact. When the lack of personal jurisdiction is clear, discovery would serve no purpose and should not be permitted." *Id*.

at 284. In addition, discovery is not required "where the discovery sought could not have added any significant facts." *Id*.

It is clear that this court lacks jurisdiction over defendant Bombardier. Based on the facts set forth by Lubin, the court finds that discovery would serve little purpose in this case. Therefore, plaintiff's request for jurisdictional discovery is denied.

## CONCLUSION

For the foregoing reasons, the court finds and concludes that it is without jurisdiction over Bombardier, and the court therefore need not consider the due process issue. Because Bombardier is not amenable to personal jurisdiction under Mississippi's long-arm statute, this court hereby grants Bombardier's motion to dismiss for lack of personal jurisdiction.[4]

**SO ORDERED AND ADJUDGED**, this the 31st day of July, 2015.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE

---

[4] Because the court finds that Bombardier should be dismissed from this action for lack of personal jurisdiction, the following motions are rendered moot: plaintiff's motions for discovery under Rule 56(f) [Docket No. 26], to compel defendants to respond to jurisdictional discovery [Docket No. 55]; and defendant's motion to strike [Docket No. 32].